UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

C.R.J.M.,

              Petitioner,

v.

ROBERT F. KENNEDY, et al.,

              Respondents.

No. 2:26-cv-00742-DJC-EFB

ORDER

Petitioner C.R.J.M. is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus. (ECF No. 6.) After Defendant filed a return (Answer (ECF No. 10)), Plaintiff's filed a Reply (Reply (ECF No. 11)). Based on the contents of that Reply, the Court ordered a further Sur-Reply from Respondents, which they have now filed. (Sur-Reply (ECF No. 13).) Having reviewed the briefing from the parties, the Court finds that Petitioner is entitled to relief.

Petitioner arrived in the United States in 2015 as an unaccompanied minor. (Pet. ¶ 2; Answer at 1–2.) He was issued a Notice to Appear and released from custody. (Pet. ¶ 2; Answer at 1–2.) On June 9, 2020, an immigration judge terminated removal proceedings against Petitioner. (Pet. ¶ 4; Answer at 2.) Petitioner has also

1

applied for and been approved for Special Immigrant Juvenile status and is eligible for adjustment of status.  (Pet. ¶ 3.)  On February 10, 2026, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE").  (Pet. ¶ 6; Answer at 2.)

The Court finds that Petitioner is entitled to relief on the basis of his Due Process Clause claim.  The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  While noncitizens located outside the country are not granted the full protections of the Constitution, the Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  These due process rights extend to immigration proceedings, including final deportation orders.  *Id*. at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Petitioner has a liberty interest in his continued freedom.  As has been detailed by this and numerous other Courts, individuals released from ICE custody have a protected interest in remaining out of custody.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).  "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *Rico-Tapia v. Smith*, No. 1:25-cv-00379-SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972)).  Petitioner has remained in this country and out of custody for over a decade.  (*See* Pet. ¶ 2.)  Therefore, Petitioner has a clear liberty interest in his continued freedom, and the Court must determine what process is due.

To determine what process is due, the Court considers three factors: (1) "the private interest that will be affected by the official action[,]" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[,]" and (3)

"the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. *Zadvydas*, 533 U.S. at 690. As noted, Petitioner has remained out of immigration custody since 2015, and lives with his mother and 6-year-old brother. Petitioner has a substantial private interest in being out of custody, and his detention denies her that liberty interest. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

The risk of erroneous deprivation is also considerable. Petitioner has been free from immigration custody for a substantial period, and immigration officials have gone so far as to terminate Petitioner's removal proceedings. (*See* Pet. ¶ 52.) The government necessarily determined that release was the least restrictive setting considering "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A); *see Pinchi v. Noem*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community").

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), the Laken Riley Act. Detention is mandatory under that section where an individual is inadmissible under particular subsections of 8 U.S.C. § 1182(a), and they are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements" of specific offenses. 8 U.S.C. § 1226(c)(1)(E). Petitioner argues that the Laken Riley Act does not apply because Petitioner (1) is not inadmissible as defined by the statute and (2) has only been subject to delinquency proceedings.

3

Petitioner's former arguments are incorrect.  While 8 U.S.C. § 1255(h)(2) states that certain sections that would otherwise designate Petitioner as inadmissible "shall not apply," this is expressly in the context of applying section 1255, which exclusively concerns adjustment of status.  As such, this does not invalidate Petitioner's inadmissibility for purposes of 8 U.S.C. § 1226(c)(E).

However, it the requirements of 8 U.S.C. § 1226(c)(E)(1)(ii) are not satisfied.  Respondents assert application of the Laken Riley Act based on delinquency proceedings in state court.  But this runs contrary to longstanding BIA precedent, which holds that juvenile delinquency proceedings are civil in nature.  *In re Devison-Charles*, 22 I. & N. Dec. 1362, 1366, 1371 (B.I.A. 2001).  "[A]cts of juvenile delinquency are not crimes, and . . . findings of juvenile delinquency are not convictions for immigration purposes."  *Id.* at 1365.  Even if there were a final adjudication of Petitioner's delinquency proceedings (though it does not presently appear that there is one), "the adjudication of a person determined to be a juvenile delinquent or youthful offender is not a conviction ab initio, nor can it ripen into a conviction at a later date."  *Id.* at 1371.  Thus, from the evidence before the Court, it does not appear that Petitioner has been charged with, arrested for, convicted of, or admitted to committing acts which constitute the essential elements of the offense.  The latter two options – where an individual "admits having committed, or admits committing acts which constitute the essential elements" of an offense – appear especially inapplicable given the fact that Petitioner's delinquency proceedings remain pending.  Given Petitioner has not been subject to criminal proceedings, only civil proceedings, he also has not been charged with or arrested for any of the defined offenses within the Laken Riley Act.  Accordingly, the mandatory detention provision of 8 U.S.C. § 1226(c)(E) does not apply.[1]

---

[1] In their return, Respondents cite 8 U.S.C. § 1226(e) and note its statement that "[n]o court may set aside any action or decision by the Attorney General under this section . . . ." (Opp'n at 3 (citing 8 U.S.C. § 1226(e)).)  Respondents do not directly argue that this Court lacks jurisdiction, but, to the extent this is Respondents' contention, this is incorrect. "[Section] 1226(e) does not apply to suits challenging the framework for decisions rather than a discretionary decision itself made under 8 U.S.C.

Respondents also mention events that allegedly occurred in connection with Petitioner's contact with ICE officers, specifically that "Petitioner attempted to reach for his knife while instructed to exist [sic] the vehicle, escalating the situation and posing a potential threat to officer safety." (Answer at 2.)  These claims, supported only by a single sentence narrative statement contained in a Form I-213, might support Respondents efforts to reassess the determination of the least restrictive setting which is appropriate, but they do not support a violation of Petitioner's due process rights.

Given the above, Respondents' interest in detention is low.  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *see also Hernandez*, 872 F.3d at 994. Considering the *Mathews* factors, the Court finds that Petitioner was entitled to a pre-deprivation hearing.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[2]

Respondents are ORDERED to immediately release Petitioner C.R.J.M. from their custody, directly to the custody and care of N.E.C.M. in St. Paul, Minnesota. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such

§ 1226." *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Petitioner's contention that the Laken Riley Act is inapplicable to him is not based on a challenge to a discretionary decision made by the Attorney General.  Instead, Petitioner's contention to the application of this section is a challenge to the Attorney General's interpretation of detention authority, which is permitted.  *See Equivel Pacheco v. LaRose*, --- F. Supp. 3d ----, 2026 WL 242300, at *5 n.6 (S.D. Cal. Jan. 29, 2026); *see also Maldonado Vazquez v. Feeley*, 805 F.Supp.3d 1112, 1133 (D. Nev. 2025).

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.


IT IS SO ORDERED.

Dated:   **March 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE